IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GEORGE W. COLEMAN, JR.         )
                               )
       v.                      )    NO. 3:17-1125
                               )
WELLS FARGO, N.A., et al.      )

TO:    Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered September 7, 2017 (Docket Entry No. 4), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are motions to dismiss filed by Wells Fargo Bank, N.A. (Docket Entry No. 11) and the Office of the Comptroller of the Currency (Docket Entry No. 15). Plaintiff has filed a response in opposition to the motion of Wells Fargo Bank, N.A. *See* Docket Entry No. 13. For the reasons set out below, the undersigned respectfully recommends that the motions to dismiss be granted and that this action be dismissed.

## I. BACKGROUND

George Willie Coleman, Jr. ("Plaintiff") is currently a resident of Myhalia, Mississippi. The instant *pro se* lawsuit, filed on August 8, 2017, is the most recent lawsuit filed by him concerning a piece of property located at 2605B Alameda Street, Nashville, Tennessee ("the Property").

After Plaintiff purchased the Property, he refinanced the mortgage loan on the Property with Fairway Financial Services, Inc. ("Fairway Financial") in 1995 by entering into a new mortgage loan ("the Loan"). Unfortunately, the Loan had payment terms and other obligations that Plaintiff could not satisfy, and he went into default on the Loan. At some point, Wells Fargo Bank N.A. ("Wells

Fargo") obtained the Loan and/or the servicing right to the Loan and eventually initiated foreclosure proceedings on the Property because of the default.

On July 20, 2015, Plaintiff, through retained counsel, filed suit in the Chancery Court for Davidson County, Tennessee, against Wells Fargo and another defendant based on the Loan and the foreclosure on the Property initiated by Wells Fargo. The lawsuit was thereafter removed to this Court. *See George W. Coleman, Jr. v. Wells Fargo Banks, et al.*, 3:15-0842 ("The First Lawsuit"). Plaintiff asserted six counts: (1) quiet title; (2) estoppel; (3) fraud in the inducement of the Loan; (4) violations of Regulation Z of the Trust in Lending Act; (5) breach of contract and/or the covenant of good faith and fair dealing; and (6) intentional or negligent misrepresentation. *See* Case No. 3:15-0842, Docket Entry No. 1-1 at 16-19. On February 8, 2016, the Court denied Plaintiff's request for a temporary restraining order and preliminary injunction to stop the sale of the Property. *Id*. at Docket Entry No. 28. A few weeks before the trial on Plaintiff's claims was scheduled to begin, the lawsuit was resolved by an entry of judgment in favor of Plaintiff in accordance with an offer of judgment from Wells Fargo to Plaintiff in the amount of $40,000.00 that was accepted by him. *Id*. at Notice of Offer of Judgment (Docket Entry No. 63); Order entered November 22, 2016 (Docket Entry No. 72); and Judgment entered November 23, 2016 (Docket Entry No. 73). After Wells Fargo unsuccessfully moved for relief from the entry of judgment under Federal Rules of Civil Procedure 59(e) and 60(b), it filed a motion for entry of satisfaction of the judgment, which the Court granted by Order entered October 12, 2017. *Id*. at Docket Entry No. 80. No appeal was taken from the final judgment.

During the same time period as the First Lawsuit was pending, Plaintiff also pursued a *pro se* lawsuit in the Davidson County Chancery Court against Fairway Financial and Wells Fargo ("the Second Lawsuit"). In the Second Lawsuit, Plaintiff appears to have sought to quiet title to the Property and/or remove First Financial from the deed. *See* Exhibits to Wells Fargo's Motion to Dismiss (Docket Entry No. 11-6). The Second Lawsuit was dismissed with prejudice on February 1, 2017, upon Plaintiff's filing of a notice of voluntary dismissal. *Id*. at Docket Entry No. 11-7.

In the instant lawsuit, Plaintiff again sues Wells Fargo. He also names the United States Office of the Comptroller of the Currency ("OCC") as a defendant. The exact legal basis for the lawsuit is somewhat unclear because Plaintiff does not set out any specific legal claims or statutes that he asserts have been violated, and he states as the grounds for filing his case in federal court only the phrase "failure to regulate, investigate and prevent fraudulent harm." *See* Complaint (Docket Entry No. 1) at 1. Nonetheless, review of a "Statement of Claim" attached to the Complaint indicates that Plaintiff complains about what he believes to have been an inadequate investigation by the OCC of complaints he made to it about Wells Fargo and matters pertaining to the Loan. *See* Complaint at 4-5. He further complains about the actions of Fairway Financial in 1995, which he contends may have rendered the Loan illegal. *Id.* Finally, he set out examples of hardships and losses that he asserts he has endured because of the events related to the Loan and the foreclosure on the Property and because of his dealings with the Internal Revenue Service. *Id*. As relief, he requests that the Court "clarify and verify" the following: (1) whether Fairway Financial was legally authorized by the State of Tennessee to provide the Loan and whether the Loan papers were altered; (2) whether Wells Fargo acted in a humane manner in initiating and executing the foreclosure proceedings; and (3) whether the OCC acted in Plaintiff's best interests and whether its alleged shortcomings contributed to Plaintiff's pain, suffering, and the disruption of his pastoral career. *See* Complaint at 3.

## II. MOTION TO DISMISS OF WELLS FARGO

In lieu of an answer, Wells Fargo seeks dismissal under Rule 12(b)(6) on the ground that any claims brought against it, to the extent that actual legal claims can be gleaned from Plaintiff's pleadings, are barred by the doctrine of *res judicata*. *See* Memorandum in Support (Docket Entry No. 12). Wells Fargo argues that Plaintiff's First and Second Lawsuits provided him with a full opportunity to raise and litigate any claims he had against Wells Fargo related to the Loan and the Property and that the judgements in those two cases, which were entered on the merits, preclude

Plaintiff from bringing claims against Wells Fargo in the instant lawsuit that either were raised or should have been raised in the earlier lawsuits. *Id*.

Plaintiff has filed a response in opposition. *See* Docket Entry No. 13. However, the response does not directly address the *res judicata* defense set out by Wells Fargo. Instead, Plaintiff requests that the Court "consider answering" several issues before granting dismissal: (1) "where is the check" that was part of the offer of judgment in the First Lawsuit; (2) "what are the agreements, stipulations or terms of conditions of the settlement;" (3) was Fairway Financial duly licensed in the State of Tennessee to provide mortgage loans at the time the Loan was initiated; Plaintiff asserts that he has a right to know the official legal status of the original loan provider; and (4) he is requesting a complete disclosure of Wells Fargo files on him and that "given the nature and complexity of credit reporting and sharing of personal records, it is my understanding that I have a right to know according the freedom of information." *Id*. at 1-2.

Federal Rule of Civil Procedure 12(b)(6) requires a complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must contain sufficient facts for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In its review of a Rule 12(b)(6) motion, the Court must accept as true all of the well-pleaded allegations contained in the complaint, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Although the Court is required to liberally construe the *pro se* pleadings, this does not require the Court to apply a more lenient application of the substantive law. *See Bennett v. Batchik*, 1991 WL 110385 at *6 (6th Cir. 1991) (citing *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983)); *Lyons v. Thompson*, 2006 WL 463111 at *4 (E.D. Tenn. Feb. 24, 2006).

The motion to dismiss of Wells Fargo should be granted. Initially, the Court notes that it is extremely difficult to decipher from Plaintiff's pleadings the specific claim he actually intends to

bring against Wells Fargo. Even after the Court applies a liberal construction to Plaintiff's pleading, it is entirely speculation to define Plaintiff's legal claim against Wells Fargo in this lawsuit. Nonetheless, it is clear that any claim Plaintiff seeks to bring against Wells Fargo in the instant lawsuit that arises from the Loan and the Property is a claim that is barred by *res judicata*.

The doctrine of *res judicata* provides that a final judgment on the merits of an action precludes the "parties or their privies from relitigating issues that were or could have been raised" in a prior action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981)). Claim preclusion, which is the aspect of *res judicata* raised by Wells Fargo, requires a showing of the following four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane*, 71 F.3d at 560. As set out by Wells Fargo in its supporting memorandum and exhibits,[1] it has met each of these elements and has satisfied its burden of showing the application of claim preclusion to the instant lawsuit. All claims against Wells Fargo pertaining to the Loan and the Property are now barred from being heard because they should have been pursued by Plaintiff in his First Lawsuit.

Nothing contained in Plaintiff's response in opposition to the motion to dismiss rebuts the preclusive effect of the prior judgments and the application of *res judicata* to this lawsuit. The instant lawsuit is not the place to resolve questions that he has about the settlement and judgment in the First Lawsuit. Plaintiff should direct those questions to the attorney who represented him in the First Lawsuit. Any claims about the validity of the Loan are claims that should have been raised

---

[1] In reviewing the motion to dismiss, the Court can consider the orders and docket entries in Plaintiff's prior lawsuits without converting the motion to a motion for summary judgment. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (in ruling on a Rule 12(b)(6) motion, the court may "consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies"); *Vaughn v. Metro. Gov't of Nashville & Davidson Cty.*, 2014 WL 234200, at *3 (M.D. Tenn. Jan. 22, 2014) (Trauger, J.); *Lee v. Dell Products, L.P.*, 236 F.R.D. 358, 361 (M.D. Tenn. 2006).

5

in the First Lawsuit. Finally, any issue Plaintiff is having in his attempts to obtain information or his "file" from Wells Fargo has been raised for the first time in his response in opposition. However, Plaintiff cannot amend his Complaint by adding factual allegations as a part of a response in opposition to a motion to dismiss. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009). Merely referring to this issue does not cure the deficiency of his original pleading or state a viable legal claim for relief in this lawsuit.

### III. MOTION TO DISMISS OF DEFENDANT OCC

In response to the Complaint, Defendant OCC seeks dismissal on a variety of grounds. *See* Memorandum in Support (Docket Entry No. 16). First, it asserts that dismissal is appropriate under Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiff has not properly served process upon it as a federal agency. It further asserts that dismissal is required under Rule 12(b)(1) for lack of subject matter jurisdiction because it has sovereign immunity from any claims and that, to the extent that Plaintiff's complaint can be liberally construed as asserting claims for relief that fall into the narrow categories of claims for which the United States has waived its sovereign immunity, Plaintiff has not shown the exhaustion of available administrative remedies or that he challenges a non-discretionary agency action. Finally, it seeks dismissal under Rule 12(b)(6) arguing that any claims against it are untimely and that, even if all the aforementioned legal obstacles are overcome by Plaintiff, his allegations do not support any plausible legal claims against it. Plaintiff has not responded in any manner to the OCC's motion to dismiss.

The motion to dismiss of Defendant OCC should be granted. First, under Local Rule 7.01(b), Plaintiff's failure to file a response indicates that there is no opposition to the motion. *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). Second, review of the motion shows that Defendant OCC has set forth persuasive and meritorious arguments that support its dismissal from the lawsuit. Sovereign immunity shields the United States and its agencies from suit

unless Plaintiff identifies a specific waiver of sovereign immunity that applies. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994); *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Third, proper service of process is a necessary threshold issue that underpins the federal court's jurisdiction over a defendant, *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991), and the burden falls upon Plaintiff to show that he has properly served the OCC. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). Plaintiff has not rebutted these arguments. In the absence of a response from Plaintiff as to why his claims against Defendant OCC should not be dismissed for the valid reasons argued by the OCC, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

Finally, even when the Court accepts Plaintiff's factual allegations as true and resolves all doubts in his favor as the non-moving party as is required for review of a Rule 12(b)(6) argument, Plaintiff has not shown that he is entitled to relief against Defendant OCC under any recognized and plausible legal theory. The failure of his pleading to meet this minimal standard requires the dismissal of the lawsuit as against the OCC for failure to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678-79; *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In the absence of a legal right or cause of action created by statute or under the common law, an individual does not have a viable legal claim for relief based merely upon his frustration with the activity or inactivity of a federal agency.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that the motions to dismiss filed by Wells Fargo Bank, N.A. (Docket Entry No. 11) and the Office of the Comptroller of the Currency (Docket Entry No. 15) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

7

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge