# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GEORGE W. COLEMAN, JR., | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:17-cv-01125 |
| | ) CHIEF JUDGE CRENSHAW |
| WELLS FARGO, N.A. and OFFICE OF THE COMPTROLLER OF THE CURRENCY | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is a Report and Recommendation (Doc. No. 17) in which the Magistrate Judge recommends granting the Defendants' motions to dismiss (Doc. Nos. 11, 15). Plaintiff has timely filed Objections. (Doc. No. 18.) The Court has conducted a de no novo review of this matter. The Court will not repeat the factual and procedural history of this case because it is aptly set forth in the Report and Recommendation. (See Doc. No. 17 at 1-3.) In short, Plaintiff has twice (once with retained counsel) sued Wells Fargo regarding a mortgage loan, default, and foreclosure, arguing numerous claims. The first suit was settled and the second suit was voluntarily dismissed.

In the instant suit, Plaintiff sues Wells Fargo for the third time on the same basic subject matter. In the Report and Recommendation, the Magistrate Judge concludes that Plaintiff's speculative claims against Wells Fargo, to the extent they can be gleaned from the pleadings, are barred by the doctrine of res judicata. (Id. at 3-5.) The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the "parties or their privies from re-litigating issues that were or could have been raised" in a prior action. Federated Dep't Stores,

Inc. v. Moitie, 452 U.S. 394, 398 (1981). Res judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992). Applying this law, the Court agrees with the Magistrate Judge that Plaintiff's claims against Wells Fargo pertaining to the loan and subject property are barred because they should have been raised in his first lawsuit.

Plaintiff raises three Objections applicable to Defendant Wells Fargo. First, Plaintiff asserts that "[t]here has not been a full review and judgment of the original loan documents." (Doc. No. 18 at 1.) However, questions about the validity of the loan documents should have been raised in Plaintiff's first lawsuit (especially because there were fraud and breach of contract claims). This objection is therefore overruled. Second, Plaintiff contends that "[t]here has not been a due process [sic] of how the loan default was created and whether Wells Fargo was fair, just, and without discriminatory behavior or intent, did assist or did not assist in trying to help me keep my house. A walk through of the neighborhood of North Nashville . . . reveals and [sic] intent of mortgage lenders to rob African Americans of their property and life savings." (Id. at 2.) These issues likewise should have been raised in the first lawsuit. This objection is also overruled. Third, Plaintiff argues that under the "U.S. Constitution," he has the right to "full disclosure" of his file in Wells' Fargo's possession (namely, original documents as opposed to copies). (Id.) However, as the Magistrate Judge correctly indicated, Plaintiff first raised this "claim" in opposition to the motion to dismiss. Plaintiff cannot amend his Complaint in this way and, thus, merely referring to this issue now does not state a viable claim for relief. (See Doc. No. 17 at 6.) This objection is also overruled.

Plaintiff has also sued the Office of the Comptroller of the Currency ("OCC"). According to the Complaint, the OCC's "[f]ailure to regulate [and] investigate" Wells Fargo's practices "contribute[d]" to the "pain[,] suffering[,] and disruption" Plaintiff suffered as a result of the foreclosure of his home. (Doc. No. 1 at 3.) The Magistrate Judge concludes that this claim should be dismissed for a variety of reasons, including lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim under any plausible legal theory. The Court agrees that Plaintiff's claim against the OCC may not proceed. Plaintiff's only objection to this conclusion is one sentence: "[OCC] was and has been negligent in its investigation of that due process." (Doc. No. 18 at 2.) This is merely a restatement of the Plaintiff's nebulous claim, and it fails to address the jurisdictional deficiencies or Plaintiff's obligations under prevailing Supreme Court authority governing pleading requirements. This objection is therefore overruled.

Accordingly, the Report and Recommendation (Doc. No. 17) is **APPROVED AND ADOPTED**. The Motions to Dismiss filed by Wells Fargo, N.A. (Doc. No. 11) and the Office of the Comptroller of the Currency (Doc. No. 15) are **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. This is a final order and the Clerk shall close the case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE